## In re CHIN YUEN SING.

(Circuit Court, S. D. New York. December 3, 1894.)

IMMIGRATION—POWER OF COURT ON HABEAS CORPUS.

    The provision in the sundry civil appropriation act of August 18, 1894, making final the decision of the immigration or customs officials upon the right of an alien to admission to the United States, is not inconsistent with the act of May 5, 1892, providing for a writ of habeas corpus, "which shall be heard and determined promptly," but upon the return to the writ the court can only inquire whether the relator is an alien and whether the appropriate officer has made a decision.

This was an application for a rehearing of a petition for a writ of habeas corpus by Chin Yuen Sing, a Chinese person, alleging that he was illegally restrained of his liberty by the collector of the port of New York.

B. C. Chetwood, for the motion.

W. Macfarlane, U. S. Atty., opposed.

LACOMBE, Circuit Judge. There is nothing in the brief filed upon reargument which calls for a modification of the ruling heretofore made in this case. It is no doubt true that special laws will not be construed to be repealed by subsequent general laws, unless the intent so to do is expressed or plainly implied. But here there is no difficulty in construing both acts together. The earlier one (of May 5, 1892) providing for a writ of habeas corpus, "which shall be heard and determined promptly, without unnecessary delay," is not repealed; but when the return to the habeas is filed the court is con-

fined to an examination of the two questions whether relator is an alien and whether the appropriate immigration or customs officer has decided adversely to his admission. A precisely similar provision is found in the act of March 3, 1891 (chapter 551), concerning immigrants other than Chinese, and which was before the supreme court in Nishimura Ekiu's Case, 142 U. S. 660, 12 Sup. Ct. 336. The provision now under discussion, which is found in the appropriation act of 1894 under the subhead "Enforcement of Chinese Exclusion Act," is manifestly intended to conform the practice in the case of Chinese persons to that already established for other aliens. The writ must stand dismissed.